ARRIVÍ, DEMANDANTE Y APELANTE, *v.* RIVERA ET AL., DEMANDADOS Y APELADOS.

No. 3410.—*Visto:* Enero 20, 1925. *Resuelto:* Enero 30, 1925.

DESAHUCIO—JURISDICCIÓN—MEMORÁNDUM RADICADO FUERA DE TIEMPO.—Una sentencia desestimando la demanda de desahucio por falta de jurisdicción es una dentro del procedimiento de desahucio; y cuando el demandado radica el memorándum de costas después de diez días contados desde que la sentencia por no haberse apelado se hizo firme, la concesión de costas es improcedente por falta de jurisdicción.

RESOLUCIÓN de *M. Rodríguez Serra,* J. (San Juan, Distrito Segundo), en incidente sobre memorándum de costas, aprobándolo. *Revocada.*

*M. García González,* abogado del apelante; *J. Valldejuli,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelado, victorioso en la corte inferior, presentó un memorándum de costas que la corte aprobó en parte y en parte redujo. La apelación se establece contra la resolución concediendo costas, y el apelante sostiene que la corte carecía de facultad para conceder ningunas costas, toda vez que el memorándum en que se reclaman fué radicado demasiado tarde. Se admite que si la sentencia ha de considerarse como adecuada y que exclusivamente pertenecía a la acción de desahucio, entonces la reclamación fué archivada muy tarde.

El apelante presentó una demanda en la Corte de Distrito de San Juan, Distrito Segundo. El apelado, por excepción previa o de otro modo, levantó la cuestión de que la referida corte carecía de jurisdicción. La corte así lo resolvió y el demandante no apeló. El término para apelar,

si la acción ha de considerarse como de desahucio, vencía dentro de cinco días y el demandado entonces hubiera estado obligado a radicar su memorándum dentro de los diez días subsiguientes. El esperó mucho más de este término fundado en la teoría de que la acción y la sentencia recaída en ella habían de regularse no por la ley de desahucio, sino por los principios generales del Código de Enjuiciamiento Civil.

El razonamiento es que la ley de desahucio nada prescribe sobre una apelación contra una sentencia que declara que la corte no tiene jurisdicción, sino que solamente es aplicable a las apelaciones en que se ordena o se niega el lanzamiento del demandado. La sección 11 de la ley de desahucio es, sin embargo, suficientemente explícita, y prescribe lo siguiente:

"Sección 11.—Las apelaciones deberán interponerse en el término de cinco días contados desde la fecha de la sentencia." Comp. sec. 1635.)

Un demandante cuya demanda ha sido indebidamente desestimada por falta de jurisdicción de la corte, puede apelar y si tiene razón, recobrar finalmente su propiedad. Si la corte se niega a dictar sentencia sobre los méritos él puede hacer exactamente la misma cosa. La idea de la ley es la rapidez de acción. Nos sentimos obligados a declarar que cualquier sentencia que anule el presente derecho de desahucio, es una sentencia dentro del procedimiento de desahucio, y una apelación debe ser interpuesta dentro de cinco días. Si no se interpone de tal modo, el deber recae en la parte contraria de presentar su memorándum de costas dentro de los diez días subsiguientes como lo requiere la ley No. 15, aprobada en noviembre 19 de 1917, (2) (p. 229). El memorándum no fué así presentado y la corte carecía de facultad para conceder costas.

La resolución concediendo costas *debe ser revocada.*